Troy P. Foster #017229
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Rosen, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> Fasttrak Foods, LLC, a foreign corporation, Steve Hamilton, an Individual, and the Estate of Renee Gumble, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **(Jury Trial Demanded)** |

For her Complaint, Plaintiff Sherri Rosen alleges as follows:

### Background Allegations and Jurisdiction

1. At all times relevant to this Complaint, Plaintiff resided in and is a citizen of the State of Arizona.

2. At all times relevant to this Complaint, Fasttrak Foods, LLC ("the Company") was a foreign Corporation authorized to conduct, and conducting business, in the State of Arizona.

3. At all times relevant to this Complaint, Renee Gumble, was the sole Manager of the Company.

4. At all relevant times to this Complaint, Steve Hamilton was married to Ms. Gumble and was an owner of the Company.

1

5.  Upon information and belief, Ms. Gumble has recently passed away, leaving her interest in the Company to either Mr. Hamilton or her estate.

### General Allegations

6.  The Company sells and distributes snack foods throughout the United States.

7.  At all times relevant to the Complaint, the Company employed Plaintiff as its Western Regional Sales Manager.

8.  The Company entered into an employment contract with Plaintiff. *See* Unexecuted Copy of Contract, attached as Exhibit 1. Steve Hamilton is denoted as the "General Manager" in the contract.

9.  The Company paid Plaintiff pursuant to the terms of the contract for over one year. *See* Plaintiff's Pay Stubs, attached as Exhibit 2.

10.  Defendant Hamilton exercised managerial responsibility and substantial control over the terms and work conditions of the Company's employees. Among other things, Defendant is individually and jointly authorized to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, maintain any employment records that may exist, and draft, implement, and enforce employee policies.

11.  The Company is an employer as defined in 29 U.S.C. § 203(d).

12.  Defendant Hamilton is a "person" as defined in the respective federal and state wage laws.

13.  The Company is an employer as defined in A.R.S. § 23-350(3).

14.  Plaintiff was Defendants' employee as defined in 29 U.S.C. § 203(3)(1).

15.  Plaintiff was engaged in commerce on behalf of Defendant, as defined in the Fair Labor Standards Act ("the Act"). *See* 29 U.S.C. § 203(b); *see also* 29 C.F.R. § 776.9 ("[i]t is clear that the employees covered by the wage and hour provisions of the Act as employees 'engaged in commerce' are employees doing work involving or related to the movement of persons or things . . . among the several states or between any State and any place outside thereof.").

16. Defendants are not exempt from paying Plaintiff for work performed as required by the Act.

17. Jurisdiction and venue are appropriate in this Court.

### Failure to Pay and Defendants' Admissions

18. Defendants agreed to pay Plaintiff for work performed.

19. Plaintiff has continuously performed the duties outlined in the contract and as otherwise expected by Defendants.

20. Defendants discontinued regularly paying Plaintiff wages earned as of June 28, 2019.

21. Defendants discontinued paying Plaintiff the monthly expenses enumerated in her contract as of January 1, 2019.

22. Defendant Hamilton, through various email and text correspondence, admitted that Plaintiff's wages were earned and owing.

23. Defendant Hamilton, through various email and text correspondence, made affirmative promises to pay Plaintiff.

24. Plaintiff made several demands for payment.

25. Defendants have still failed to pay Plaintiff.

### Allegations of Willfulness

26. Defendants' failure to pay Plaintiff was not administrative or an oversight.

27. Defendant Hamilton promised to "catch up" on monies owed to Plaintiff by July 9, 2019. That did not happen.

28. When Plaintiff inquired about getting paid after Defendant Hamilton's wife passed away, he responded "FUCK YOU!!!!"

29. Defendants promised to pay wages earned and owed to Plaintiff in writing on August 30, 2019.

30. Defendants have failed to pay Plaintiff any of the wages due and owing.

31. Defendants' failures were willful and intentional.

### Count One: Violation of FLSA and State Laws (Against All Defendants)

32. Plaintiff realleges paragraphs 1-31 as if fully set forth here.

33. Defendants failed to pay Plaintiff for work performed in the base amount of $20,933.32 as of the date of filing.

34. Defendants failed to pay Plaintiff for monthly expenses incurred and owing in the base amount of $10,400.00 as of the date of filing.

35. Defendants' failures were willful.

36. Plaintiff is entitled to recover all unpaid wages, liquidated damages in an amount equal to the unpaid wages, reasonable attorneys' fees, and costs of the action.

37. Plaintiff is entitled to recover treble damages pursuant to A.R.S. § 23-355.

### Count Two: Breach of Contract/Unjust Enrichment (Against All Defendants)

38. Plaintiff re-alleges paragraphs 1-37 as if fully set forth here.

39. Defendants entered into an employment contract with Plaintiff.

40. Defendants' failure to pay Plaintiff breached the terms of the contract.

41. Defendants reaffirmed those obligations to Plaintiff.

42. Plaintiff suffered damages as a result of the breach.

43. Defendants benefited for Plaintiff's work performed on behalf of the Company.

44. Plaintiff is entitled to recover all amounts due for the respective breaches of contracts, consequential damages for the same, and reasonable attorneys' fees and costs of the action.

### Conclusion

**THEREFORE**, Plaintiff respectfully requests the following relief:

A. An award of unpaid wages in an amount appropriate to proof adduced at trial pursuant to 29 U.S.C. § 207 and 216(b), and A.R.S. §§ 23-355 and 23-362.

B. An award of liquidated damages in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. § 216(b);

C. Statutory penalties for willful violations of 26 U.S.C. § 7434;

D.  Punitive damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-355, and/or A.R.S. § 12-341;

E.  An award of treble damages pursuant to A.R.S. § 23-355; and

F.  Pre- and post-judgment interest on the amount of unpaid wages.

**DATED** this 30th day of September, 2019.

**The Foster Group, PLLC**


*/s/ Troy P. Foster*
Troy P. Foster
518 East Willetta Street
Phoenix, Arizona 85004
*Counsel for Plaintiff*