**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Rosen, | No. CV-19-05292-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Fasttrak Foods LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Sherri Rosen's motion for judgment on the pleadings. (Doc. 22.) For the following reasons, that motion will be denied.

**BACKGROUND**

I.  Factual Background

This action arises out of a former employment relationship between Rosen and Defendant Fasttrak Foods LLC ("Fasttrak"). (Doc. 13 ¶ 7.) From January 2018 through October 2019, Rosen worked as Fasttrak's Western Regional Manager. (*Id.*) Her employment contract entitled her to a $110,000 annual salary, "paid bi-weekly," and a monthly expense-reimbursement payment of $1,300 (intended to cover medical, car, cellphone, and internet expenses). (Doc. 1 ¶¶ 8-9 [allegations in complaint concerning contract]; Doc. 13 ¶¶ 8-9 [answer, admitting those allegations]; Doc. 1-2 at 1-2 [actual contract].)

The complaint alleges that Fasttrak stopped paying wages to Rosen "as of June 28, 2019" and stopped paying expenses to Rosen "as of January 1, 2019." (Doc. 1 ¶¶ 20-21.)

Thus, the complaint alleges that, as of the date of her resignation in October 2019, Rosen was owed $20,933.32 in unpaid wages and $10,400 in unpaid expenses. (*Id.* ¶¶ 33-34.)

In its answer, Fasttrak admits these allegations only in part. Specifically, as for the unpaid wages, Fasttrak admits that it "was unable to pay Plaintiff following [the death of Renee Gumble[1]] on July 14, 2019 because she was the only individual authorized to make any bank transactions on the company's behalf" (Doc. 13 ¶ 20) and "has not paid Plaintiff for work performed following Ms. Gumble's death" (*id.* ¶ 33) but contends that it "lack[s] knowledge or information sufficient to form a belief about the truth of the remaining allegations" concerning the precise amount owed (*id.* ¶ 33). Similarly, as for the unpaid expenses, Fasttrak admits that it "has not paid Plaintiff all of her expenses" (*id.* ¶ 21) and "has not paid Plaintiff for some expenses she incurred following Ms. Gumble's death" (*id.* ¶ 34) but contends that it "lack[s] knowledge or information sufficient to form a belief about the truth of the remaining allegations" concerning the precise amount owed (*id.* ¶ 34).

II.   Procedural History

On September 30, 2019, Rosen filed a complaint. (Doc. 1.)

On November 8, 2019, Fasttrak, along with co-defendants Steve Hamilton and the Estate of Renee Gumble ("the Estate"), filed an answer. (Doc. 13.)

On January 31, 2020, Rosen filed a motion for judgment on the pleadings. (Doc. 22.)

On February 21, 2020, Defendants filed a response. (Doc. 25.)

On February 27, 2020, Rosen filed a reply. (Doc. 27.)[2]

…

…

…

---

[1] Although Rosen alleges that Gumble was the "sole Manager" of Fasttrak (Doc. 1 ¶ 3), Defendants deny this allegation and do not affirmatively allege Gumble's job title or role at Fasttrak (Doc. 13 ¶ 3).

[2] Rosen initially sought judgment against all three defendants (Doc. 22) but subsequently withdrew her request as to Hamilton and the Estate (Doc. 27).

**DISCUSSION**

I. <u>Legal Standard</u>

A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a Rule 12(b)(6) motion to dismiss. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (citations omitted). Therefore, a Rule 12(c) motion "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

II. <u>Analysis</u>

Rosen "requests that the Court enter a judgment for her . . . as to liability and the base wages and expenses of $31,333.32 plus attorneys' fees and costs incurred." (Doc. 22 at 4.) Fasttrak concedes that it "has not paid her all the wages and expenses that she is due" but argues that it "has not admitted the specific amount of wages or expenses that are due." (Doc. 25 at 1.)

Rosen's motion will be denied for two independent reasons. First, Rosen asserts four legal theories in her two-count complaint: (1) violation of the Fair Labor Standards Act ("FLSA"), (2) violation of A.R.S. § 23-355, (3) breach of contract, and (4) unjust enrichment. (Doc. 1 at 4 ¶¶ 32-44.) However, Rosen doesn't specify on which claim or claims she seeks entry of judgment as to liability. The law cited in Rosen's briefing doesn't offer any clues, either—it simply recites the standard for judgment on the pleadings and requests a non-specific "judgment on liability." (Doc. 22 at 2-3.)

The Court can't enter judgment in Rosen's favor on all claims and theories because judgment in her favor on some claims is incompatible with judgment in her favor on others. For example, Rosen cannot recover for both unjust enrichment and breach of contract. *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 408 (9th Cir. 1992)

(under Arizona law, a party "cannot recover on its claims of unjust enrichment" where the parties' "relationship . . . was governed by a valid express contract"). On the face of the complaint, it's not clear that one theory was asserted in the alternative, and if so, which one.

Similarly, the law is unsettled as to whether and to what extent Rosen's claim under the FLSA preempts her other claims. *See generally Anderson v. Sara Lee Corp.*, 508 F.3d 181, 195 n.12 (4th Cir. 2007) ("[D]istrict courts in the Ninth Circuit have split over whether the FLSA preempts duplicative state law claims.") (citations omitted). The parties have not identified or briefed this thorny issue and the Court takes no position on its resolution. Put simply, entry of judgment on a subset of Rosen's claims could affect the viability of others and a nonspecific entry of judgment as to liability is more complicated than Rosen lets on. Courts have declined to enter judgment under analogous circumstances. *See*, *e.g.*, *Thornapple Assocs., Inc. v. Izadpanah*, 2014 WL 4542420, *2 (E.D. Va. 2014) (denying motion for summary judgment in part because movant "failed to identify the claim (or claims) for which it seeks judgment" and "two of Plaintiff's claims appear[ed] mutually exclusive"); *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 385 (D.N.J. 2010) (denying motion for judgment on the pleadings in part because it was "unclear from Defendant's briefing . . . whether it seeks to dismiss all or only some of the class allegations").

Second, even if Rosen had properly specified the claim/theory on which she is seeking judgment, the amount of damages remained disputed. For example, the complaint alleges that Rosen is owed $10,400 in unpaid expenses because Fasttrak stopped making expense payments to her "as of January 1, 2019." (Doc. 1 ¶¶ 21, 34.) In its answer, Fasttrak disputes (or, at a minimum, does not admit) that the expense payments stopped on this date—it simply concedes that it did not pay "all" of Rosen's expenses. (Doc. 13 ¶¶ 21, 34.) Thus, Rosen is incorrect that "[t]he rest is simple math and application of the parties' agreement" (Doc. 27 at 2)—absent a concession as to the amount of damages owed, or at least the date on which the payments stopped, entry of judgment would be premature.

…

Accordingly, **IT IS ORDERED** that Rosen's motion for judgment on the pleadings (Doc. 22) is **denied**.

Dated this 2nd day of July, 2020.

Dominic W. Lanza
United States District Judge