**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Rosen, | No. CV-19-05292-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Fasttrak Foods LLC, et al., | |
| Defendants. | |

Due to various unusual developments, the status of this action requires clarification. This order clarifies where the case stands now and how the case may proceed from here.

**BACKGROUND**

On September 30, 2019, Plaintiff Sherri Rosen initiated this action. (Doc. 1.) The Complaint named "Fasttrak Foods, LLC, a foreign corporation, Steve Hamilton, an Individual, and the Estate of Renee Gumble" as Defendants. (*Id.*)

The Complaint alleged that Fasttrak Foods, LLC ("Fasttrak"), a company that sells and distributes snack foods, employed Plaintiff as its Western Regional Sales Manager. (*Id.* ¶¶ 6-7.) Renee Gumble was the "sole Manager" of Fasttrak, and Ms. Gumble's husband, Steve Hamilton, was an owner of Fasttrak and the "General Manager" who "exercised managerial responsibility and substantial control over the terms and work conditions of the Company's employees." (*Id.* ¶¶ 3-4, 8, 10.) Plaintiff continually performed her contractual employment duties, but, beginning in 2019, Plaintiff was not regularly paid her contractual wages or expenses. (*Id.* ¶¶ 18-25.) At some point in 2019,

Ms. Gumble passed away, leaving her interest in Fasttrak "to either Mr. Hamilton or her estate." (*Id.* ¶ 5.) Although Hamilton had admitted that Plaintiff's wages "were earned and owing" and "made affirmative promises to pay Plaintiff," he expressed hostility and disinclination to pay Plaintiff after Ms. Gumble died. (*Id.* ¶¶ 22-24, 28.) Plaintiff sued for violation of the Fair Labor Standards Act, breach of contract, and unjust enrichment. (*Id.* at 4.)

On November 8, 2019, all three purported Defendants,[1] represented by counsel, filed an Answer to the Complaint. (Doc. 13.)

On December 10, 2019, Plaintiff and the three purported Defendants jointly filed a Rule 26(f) report. (Doc. 18.) On December 16, 2019, the Court entered a scheduling order. (Doc. 20.) The Court set various deadlines, including an August 7, 2020 deadline for filing dispositive motions. (*Id.* at 5.)

On January 31, 2020, Plaintiff filed a motion for judgment on the pleadings. (Doc. 22.) On February 21, 2020, the three purported Defendants responded. (Doc. 25.) Defendants noted that they "admit that Fasttrak Foods owes Plaintiff wages and expenses, but deny that Defendants Hamilton or the Estate of Renee Gumble ever had any obligation to pay Plaintiff anything." (*Id.* at 2.) Defendants further argued that that "the specific amount" of past wages and expenses owed by Fasttrak was contested. (*Id.* at 5.)

On July 2, 2020, the Court denied the motion for judgment on the pleadings because (1) Plaintiff failed to specify the claims on which she sought judgment on the pleadings (and judgment in her favor on some claims would have been incompatible with judgment in her favor on others), and (2) the amount of damages remained disputed. (Doc. 36 at 3-4.)

---

[1] The Estate of Renee Gumble is not an entity capable of being sued. "[A]n estate is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal representative and therefore any action must be brought by or against the executor or representative of the estate." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020); *see also Ader v. Estate of Felger*, 375 P.3d 97, 104 (Ariz. Ct. App. 2016) ("An estate is a collection of the decedent's assets and liabilities. As such, it has no capacity to bring or defend a lawsuit. Simply put, an estate cannot 'act.' Rather, it can only sue and be sued through its personal representative, who 'acts' on behalf of the estate.").

On July 30, 2020, counsel for the three purported Defendants moved to withdraw as counsel of record without client consent because Defendants had not "cooperated with [counsel] in discovery, . . . communicated with [counsel] as needed, [or] met their financial obligations to [counsel] regarding this matter." (Doc. 37 at 1.) Plaintiff opposed the withdrawal request because Defendants had "continually avoided and rescheduled their depositions" since April 2020 and she feared withdrawal of counsel would result in the cancellation of Hamilton's scheduled deposition on September 30, 2020. (Doc. 38.)

On August 19, 2020, the Court granted the motion to withdraw as counsel. (Doc. 40.) The Court also noted some "logistical issues," including that the Estate of Renee Gumble appeared to be "an inappropriate party" and that Plaintiff "should have identified the estate's personal representative and then sued that individual in his or her capacity as the estate's representative." (*Id.* at 2-3.) The Court ordered Plaintiff to show cause why "the Estate of Renee Gumble" should not be dismissed as an inappropriate party. (*Id.* at 3.)

On August 25, 2020, Defendants' already-withdrawn counsel informed the Court that Fasttrak had filed for bankruptcy. (Doc. 42.)

On September 2, 2020, Plaintiff filed a response to the Court's order to show cause, conceding that "that the Estate of Renee Gumble is not an appropriate party to the action and should be dismissed." (Doc. 43 at 2.) Plaintiff explained that she had "recently learned, through former opposing counsel's avow[al]s, that Mr. Hamilton is in fact the personal representative" and planned to seek leave to amend "to name Mr. Hamilton in his official capacity as personal representative of the Estate of Renee Gumble." (*Id.*)

On September 4, 2020, the Court dismissed the Estate of Renee Gumble with prejudice and ordered the parties to "confer as to whether amendment of the complaint to add an additional capacity in which Hamilton is sued can be accomplished via stipulation." (Doc. 44 at 1-2.)

On September 23, 2020, Plaintiff filed a motion for leave to amend the complaint for the sole purpose of "includ[ing] Defendant Hamilton (already a Defendant in his

individual capacity) in his capacity as personal representative for the Estate of Renee Gumble." (Doc. 45 at 2.) Plaintiff stated that she had "attempted to consult with Defendant Mr. Hamilton on four occasions, but ha[d] not received a response," adding in a footnote: "Notably, Defendant Mr. Hamilton failed to appear at his deposition and has failed to provide responses to discovery requests. Though not the subject of this Motion, this failure to confer and cooperate is thematic for Mr. Hamilton." (*Id.* at 1, 1 n.1.) Plaintiff also stated that the reason she had been unable to ascertain the name of the estate's personal representative earlier was Defendants' bad faith refusal to disclose it in their MIDP[2] responses or as a response to written discovery. (*Id.* at 4-5.) Indeed, Plaintiff averred that "Defendants have expressed their refusal to participate in this litigation." (*Id.* at 5.)

On October 15, 2020, after Hamilton failed to respond to Plaintiff's motion to amend, the Court granted the motion. (Doc. 46.) That same day, Plaintiff filed the First Amended Complaint ("FAC"). (Doc. 47.)

On November 3, 2020, Plaintiff served Hamilton with the FAC. (Doc. 48.) Hamilton did not answer or otherwise respond to the FAC.

On January 6, 2021, Plaintiff filed an application for entry of default "against Defendant Steven Hamilton, in his capacity as Personal Representative of the Estate of Renee Gumble" (Doc. 49), which the Clerk of Court entered the following day (Doc. 51). Plaintiff also filed a notice of readiness for Final Pre-Trial Conference, which stated that Plaintiff is ready to proceed with trial, "[a] Complaint and an Answer have been filed," the parties have completed discovery, no outstanding motions are pending, and the parties have not been able to settle their dispute. (Doc. 50.)

On January 8, 2021, the Court noted that setting a Final Pre-Trial Conference seemed improvident because (1) this action is stayed as to Fasttrak and (2) Hamilton has taken no action since the withdrawal of his counsel in August 2020. (Doc. 52.) The Court ordered that Plaintiff and Hamilton each file, by January 22, 2021, a notice advising the

---

[2] The Mandatory Initial Discovery Pilot ("MIDP") requires the parties to, *inter alia*, state the facts relevant to all defenses in early, court-ordered discovery responses. (Doc. 3 at 7.)

- 4 -

Court as to how they would like to proceed. (*Id.*)

On January 21, 2021, Plaintiff filed a notice proposing that "the matter be set for trial as to Defendant Steve Hamilton in his individual capacity." (Doc. 53.) Plaintiff further asserted that "[t]he damages assessed at trial can be assessed jointly and severally against Defendant Hamilton in both his individual capacity and as personal representative for the Estate of Renee Gumble, for which there is a default judgment." (*Id.*)[3]

Hamilton failed to file the required notice.

## DISCUSSION

Hamilton is an individual—one person—who has been sued in two capacities: individually and as personal representative for the Estate of Renee Gumble. Proceeding against such an individual by concurrently proceeding to trial and filing a motion for default judgment strikes the Court as highly unusual, not to mention inefficient, and it is not clear whether proceeding in this manner would ever be appropriate. At any rate, the Court concludes that it is not appropriate here.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

As an initial matter, the Court rejects the premise that seems to underlie Plaintiff's decision to apply for entry of default against Hamilton in only one of his dual capacities—the premise that Hamilton has answered in his individual capacity but has failed to answer in his capacity as personal representative for the Estate of Renee Gumble.

Generally speaking, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Thus, the original complaint (Doc. 1) and the answer to the original complaint (Doc. 13) became legal nullities after Plaintiff filed the FAC (Doc. 47). Hamilton did not file an

---

[3] The Court notes that there is no default judgment as of yet, merely an entry of default. Plaintiff presumably intends to file a motion for default judgment as to Hamilton in his capacity as personal representative for the Estate of Renee Gumble. Fed. R. Civ. P. 55(b)(2).

- 5 -

answer or otherwise respond to the FAC—not in his individual capacity and not in his capacity as personal representative for the Estate of Renee Gumble.  Thus, as to the FAC, Hamilton has entirely "failed to plead."

Admittedly, there is another way of looking at this.  The only change made in the FAC was naming Hamilton as the personal representative of the Estate of Renee Gumble.  For all intents and purposes, there was no meaningful change in the identity of the parties between the original complaint and the FAC.  When the Estate of Renee Gumble was improperly named in the original complaint, it was intended to be a placeholder until Plaintiff could ascertain the identity of the Estate's personal representative.  (Doc. 43 at 1-2.)  Plaintiff should have named "John Doe, as personal representative of the Estate of Renee Gumble," in which case, when the personal representative's identity became known, the designation of that defendant by a true name rather than "Doe" could have been accomplished without an amended complaint.  *Cf. Trident Inv. Partners Inc. v. Evans*, 2021 WL 75826, *11-12 (D. Ariz. 2021) (changing name of pseudonym to real name, once known, without requiring amended complaint); *Twitch Interactive, Inc. v. Johnston*, 2019 WL 3387977, *3 (N.D. Cal. 2019) (same); 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1321 (4th ed. 2020) (reasons that might justify amending a case caption include "an erroneous designation of the capacity in which a party is suing or being sued, or the identification of something that is not a legal entity").

Hamilton presumably knew that he was the personal representative of his late wife's estate and he defended the lawsuit in that capacity.  Hamilton hired counsel to represent himself, Fasttrak, and the estate.  When the "Estate of Renee Gumble" purported to file an answer to the original complaint, it was Hamilton, the personal representative, authorizing that answer on the estate's behalf.  If the original complaint and answer had not been superseded by an amended complaint, it would arguably be sensible to construe the answer as having been made by Hamilton in *both* of his capacities.

At any rate, regardless of whether Hamilton is viewed as having "failed to plead," it is abundantly clear at this point that he refuses to "otherwise defend" against this action

in either of his dual roles. *CMA CGM S.A. v. Asia-Glob. Renewable Energy Corp.*, 2018 WL 6133631, *4 (C.D. Cal. 2018) ("Defendant nonetheless refuses to participate in this action in good faith moving forward [which] warrants terminating sanctions under Fed. R. Civ. Proc. Rule 55(a) as Defendant Shenzen has failed to 'otherwise defend' this matter.") Hamilton has not participated in this action, in any way, since his counsel withdrew in August 2020. Plaintiff has informed the Court that Hamilton has expressed refusal to participate in this litigation (Doc. 45 at 5), and Hamilton has not denied this. Indeed, he did not respond at all. Furthermore, Hamilton has disregarded the Court's orders by failing to confer as to whether adding an additional capacity in which Hamilton is sued could be accomplished via stipulation (Doc. 44 at 1-2) and failing to file the court-ordered notice advising how he intended to proceed in this action (Doc. 52).[4]

The Court has determined that the appropriate course of action is to direct the Clerk of Court to enter default against Hamilton in his individual capacity, as well in as his capacity as personal representative of the Estate of Renee Gumble. If Hamilton wishes to file a motion to set aside the default, he must do so on or before February 12, 2021.

If Hamilton does not file a motion to set aside the default by February 12, 2021, Plaintiff must file a motion for default judgment against Hamilton by March 12, 2021. When deciding whether to grant the motion, the Court will consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Accordingly,

---

[4] Hamilton's abandonment of the litigation and failure to respond to the Court's orders will weigh in favor of granting default judgment, once a motion is filed. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1051 (N.D. Cal. 2010) (finding that where the defendants filed an answer but failed to otherwise defend in the action and default was entered, there was no evidence that the defendants' actions were "the result of excusable neglect"); *J & J Sports Prods. Inc. v. Cervantes*, 2018 WL 3702298, *4 (E.D. Cal. 2018) (same). However, Plaintiff will need to demonstrate in the motion for default judgment that Hamilton, in his individual capacity and/or as personal representative of the Estate of Renee Gumble, can be held liable. (*See, e.g.*, Doc. 27 at 2 n.1.)

**IT IS ORDERED** that the Clerk of Court shall enter default against Hamilton in his individual capacity, as well as in his capacity as personal representative of the Estate of Renee Gumble.

**IT IS FURTHER ORDERED** that if Hamilton wishes to file a motion to set aside the default, he must do so on or before February 12, 2021.

**IT IS FURTHER ORDERED** that if Hamilton does not file a motion to set aside the default by February 12, 2021, Plaintiff must file a motion for default judgment against Hamilton by March 12, 2021.

Dated this 28th day of January, 2021.

Dominic W. Lanza
United States District Judge