**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Rosen, | No. CV-19-05292-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Fasttrak Foods LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Sherri Rosen's ("Rosen") renewed motion for default judgment. (Doc. 59.) For the following reasons, the motion is denied.

## BACKGROUND

The background details of this case are set out in detail in the Court's July 15, 2021 order. (Doc. 58.) In a nutshell, Rosen has sued her former employer, Fasttrak Foods LLC ("Fasttrak"), as well as two Fasttrak managerial employees, Steve Hamilton ("Hamilton") and Renee Gumble ("Gumble"), for $20,933.32 in unpaid wages and $10,400.00 in unpaid expenses. (*Id.* at 1-2.) However, Fasttrak filed for bankruptcy after this action was initiated and Gumble is now deceased. (*Id.* at 3-5.) As a result, the sole defendant against whom Rosen's claims remain pending and unstayed is Hamilton, proceeding both in his individual capacity and in his capacity as the personal representative of Gumble's estate. (*Id.*) Additionally, because Hamilton has stopped participating in this action, a default has been entered against him (in both of his litigation capacities). (*Id.* at 4.)

Against this backdrop, Rosen filed a motion for default judgment against Hamilton.

(Doc. 57.) Critically, the sole claim on which Rosen moved for default judgment was her claim under the Arizona Wage Act ("AWA") for *all* of her unpaid wages and expenses. (Doc. 58 at 8-9.) In the July 15, 2021 order, the Court denied Rosen's motion on the ground that AWA—unlike the other two wage statutes seemingly cited in Rosen's operative complaint, the Federal Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA")—does not authorize liability against individual managerial employees such as Hamilton. (*Id.* at 8-10.) The Court also granted Rosen leave to file a renewed motion for default judgment and explained that any such motion "must identify, with clarity, the ground(s) on which Rosen is seeking judgment, identify the elements of each proffered claim and include an explanation of why all elements are satisfied, and be supported by evidence sufficient to support any calculation of damages." (*Id.* at 10.)

On July 20, 2021, Rosen filed a renewed motion for default judgment. (Doc. 59.)

**DISCUSSION**

Rosen's renewed motion is not exactly what the Court had in mind when it specified that any such motion must "must identify, with clarity, the ground(s) on which Rosen is seeking judgment, identify the elements of each proffered claim and include an explanation of why all elements are satisfied, and be supported by evidence sufficient to support any calculation of damages." (Doc. 58 at 10.) The seven-page motion consists of a series of numbered paragraphs that largely restate the factual and procedural details set forth in the July 15, 2021 order. In paragraph 59, Rosen asserts that her "damages under the FLSA equal $71,314.14, and her damages under the Arizona Minimum Wage Act equal $113,047.46," so the Court infers that Rosen is moving for a default judgment on claims under the FLSA and AMWA, but the motion does not identify the elements of a claim under either statute.

At any rate, even assuming that Rosen has otherwise established that Hamilton may be held liable under the FLSA and AMWA, the motion must be denied because it fails to establish the amount of damages to which Rosen is entitled under those statutes. As discussed in the July 15, 2021 order, the damages available under AWA are broader than

the damages available under the FLSA or AMWA—the latter statutes only impose liability for the failure to pay overtime and minimum wages. Rosen seems to acknowledge this distinction at points in her renewed motion. In paragraph 23, for example, she cites portions of the FLSA and AMWA in support of the proposition that "[e]mployers are required to pay employees no less than minimum wage." Nevertheless, Rosen makes no effort to calculate the minimum wage she should have been paid under the FLSA or AMWA for her work at Fasttrak.

Such minimum wages, to be clear, are not the same thing as Rosen's contractual rate of pay. Although Rosen alleges that she worked without pay from June 28, 2019 through October 2019 and was contractually entitled to $20,933.32 for her work during this period (Doc. 47 ¶¶ 10, 20-22, 34-35), it doesn't follow that Rosen is entitled to $20,933.32 in FLSA and AMWA damages for her unpaid work during this period. To calculate her damages under those statutes, Rosen would need to identify the actual number of hours she worked and multiply the figure by the applicable minimum wage. *Cf. Alvarez v. City of Oxnard*, 2020 WL 8461470, *6 (C.D. Cal. 2020) ("In Defendant's system, all the standby hours worked by the Class Members during the relevant period was paid at a rate of $1.25 per hour. Therefore, . . . [FLSA minimum wage] damages are easy to calculate: multiply the number of standby hours worked by the difference between $1.25 and the minimum (or the FLSA-mandated) wage."); *Cramton v. Grabbagreen Franchising LLC*, 2021 WL 2562332, *13 (D. Ariz. 2021) ("Calculating the amount of minimum wages to which Cramton was entitled under AMWA is a matter of simple arithmetic—multiplying the number of hours worked by the applicable minimum wage."). Rosen doesn't do this. Instead, she argues she is entitled to the same amount of damages she previously sought pursuant to her AWA claim—that is, her full contractual rate of pay. (Doc. 59 ¶ 55 ["The base amount of unpaid wages owed to Plaintiff under Arizona State law would be $31,333.32 ($20,933.32 + $10,400.00)."].) This is not the correct approach for calculating the damages arising from a violation of the minimum wage statutes.

Given Rosen's failure to comply with the instructions provided in the July 15, 2021

order, it is not clear that providing her a third opportunity to move for default judgment against Hamilton would be an efficient use of judicial resources. Nevertheless, the Court is loathe to take any action that would reward Hamilton, who thumbed his nose at these proceedings by refusing to participate. Accordingly, Rosen is granted leave to file a final renewed motion for default judgment if she so chooses. Any such motion must identify, with clarity, the ground(s) on which Rosen is seeking judgment, identify the elements of each proffered claim and include an explanation of why all elements are satisfied, and be supported by evidence sufficient to support any calculation of damages. *See generally T-Cetra, LLC v. Guzman*, 2017 WL 7156250, *1 (C.D. Cal. 2017) (noting that, for default judgment purposes, "well-pled allegations in the complaint regarding liability are generally deemed true" but "[a]llegations as to damages . . . must be proven" and concluding that evidentiary submissions on damages were sufficient where movant "submitted four binders of invoices to support its request for damages" and also submitted a supplemental affidavit authenticating the invoices). If Rosen fails to file such a motion within 21 days of the issuance of this order, the Court will dismiss Hamilton as a defendant (both in his individual capacity and in his capacity as personal representative of the Estate).

Accordingly,

**IT IS ORDERED** that Rosen's renewed motion for default judgment (Doc. 59) is **denied**.

**IT IS FURTHER ORDERED** that Rosen may file a final renewed motion for default judgment within 21 days of this Order. If Rosen does not file such a motion within 21 days, the Clerk shall dismiss Hamilton as a defendant (both in his individual capacity and in his capacity as personal representative of the Estate).

Dated this 23rd day of July, 2021.

Dominic W. Lanza
United States District Judge